# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW P. DUBOIS, #B-69761, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 17-cv-01304-NJR<br>) |
| LEANN L. WHITTLER, and NICK LAMB, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Andrew DuBois, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 in order to challenge the calculation of his sentence on Fourteenth Amendment due process grounds. (Doc. 1). DuBois claims that he should have been released on parole on August 27, 2017. (Doc. 1, p. 5). Due to an error in his sentence calculation, he remains incarcerated. (Doc. 1, pp. 1-2, 5). DuBois seeks monetary damages against Leann Whittler (records office executive) and Nick Lamb (warden) for allegedly failing to correct the error. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the allegations in the Complaint, DuBois was sentenced to concurrent terms of three years in IDOC custody following his convictions in McLean County Case Nos. 14-CF-1438 and 14-CF-1186. *Id*. According to the Judgment dated December 28, 2015, and the Sentence Calculation Worksheet dated March 3, 2016, DuBois's projected parole date was June 27, 2017. *Id*.

He subsequently entered into a plea agreement in McLean County Case No. 15-CF-1141. (Doc. 1, p. 5). On April 26, 2016, DuBois was sentenced to one year for this conviction, and he received credit for 120 days spent in custody. *Id*. The new sentence was supposed to run consecutive to the old sentences imposed in McLean County Case Nos. 14-CF-1438 and 14-CF-1186. *Id*. DuBois maintains that his adjusted projected parole date was August 27, 2017. *Id*.

LeAnn Whittler, a records office executive, allegedly failed to apply the 120-day credit to DuBois's sentence. (Doc. 1, p. 5). When DuBois asked her to explain her calculation on or around June 16, 2017, Whittler indicated that she *did* apply the 120-day credit. (Doc. 1, pp. 5, 22). Even so, Whittler could not explain how or where she gave DuBois this credit, even when reviewing the Sentence Calculation Worksheet dated May 5, 2016. *Id*.

To correct the alleged miscalculation, DuBois filed a letter in McLean County Circuit Court on or around August 3, 2017. (Doc. 1, p. 10). At the time, he had two appeals pending in McLean County Case Nos. 14-CF-1438 and 14-CF-1186. (Doc. 1, pp. 10-11). Judge Scott Drazewski responded to the letter by stating that the trial court lacked jurisdiction over the matter.[1] *Id*. On August 24, 2017, DuBois filed an emergency grievance with Warden Nick Lamb. (Doc. 1, pp. 5, 18-19). The grievance and appeal were ultimately denied by the Administrative Review Board. *Id*. He then commenced this action. DuBois claims that the conduct of Whittler and Lamb described above deprived him of his Fourteenth Amendment "right to parole." *Id*.

---

[1] DuBois's sentence is inconsistently reported in his Complaint (Doc. 1, p. 5), attached grievance (Doc. 1, pp. 8-9), and letter from McLean County Circuit Court (Doc. 1, p. 10). In a letter to DuBois dated August 23, 2017, Judge Scott Drazewski explained that DuBois was:

> . . . sentenced to a term of 3 years, with credit for 1 day in custody, in the Illinois Department of Corrections (IDOC) on December 28, 2015, in McLean County Case 14 CF 1438. On the same date, [Plaintiff was] sentenced to a term of 3 years in IDOC, with credit for 4 days spent in custody, in McLean County Case 14 CF 1186. The sentences for these two cases are concurrent with one another. On April 26, 2016, following presentation and acceptance by the Court of a fully negotiated plea agreement, [Plaintiff was] sentenced to a term of 1 year in IDOC with credit for 120 days spent in custody, in McLean County Case 15 CF 1141. This sentence was required to be served consecutive to the sentence imposed in 14 CF 1438 and 14 CF 1186.

(Doc. 1, p. 10).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claim in the *pro se* Complaint into the following enumerated count:

**Count 1 -** Fourteenth Amendment due process claim against Whittler and Lamb for miscalculating Plaintiff's sentence.

DuBois challenges the validity and/or duration of his confinement. Federal law offers two main avenues to relief: (1) a petition for habeas corpus under 28 U.S.C. § 2254; and (2) a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749 (2004). Habeas corpus is the sole federal remedy for a prisoner who seeks to challenge the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A § 1983 complaint is appropriate for a prisoner who wishes to challenge the circumstances of his confinement and seeks monetary damages or injunctive relief. *Muhammad*, 540 U.S. at 750. Some cases are "hybrids," such as those in which a prisoner seeks relief that is unavailable in habeas (*e.g.*, money damages), based on allegations that imply the invalidity of an underlying conviction or sentence. *Id*. at 751. This case falls into the "hybrid" category.

A threshold inquiry in such cases is whether the plaintiff may even bring his claim under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (civil tort action is generally incorrect avenue to relief when challenging the lawfulness of conviction or confinement). The United States Supreme Court in *Heck* explained that "[i]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question

by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-87. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied *Heck* in a § 1983 action for damages and equitable relief based on a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good time served. In both cases, the Supreme Court reasoned that "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies." *Muhammad*, 540 U.S. at 751. Federal habeas remedies are only available after a prisoner exhausts his other avenues of relief. *Id*. (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982)).

This § 1983 action is incompatible with *Heck*. DuBois's claim hinges on a determination that his sentence calculation was wrong. Unfortunately, however, DuBois has neither alleged nor demonstrated that he successfully challenged the sentence calculation before bringing this action for money damages. (Doc. 1). Because DuBois has not yet succeeded in overturning or invalidating the alleged miscalculation, his claim is *Heck*-barred. Before he can bring this claim under § 1983, DuBois must first "achieve favorable termination of his available state, or federal habeas, opportunities" to challenge the underlying sentence. *Muhammad*, 540 U.S. at 751.

DuBois may challenge his continued confinement in a federal habeas corpus action brought pursuant to 28 U.S.C. § 2254. But before pursuing federal habeas relief, he must exhaust his state remedies by presenting all of his claims to the Illinois courts. *Morrissey v. Brewer*, 408 U.S. 471 (1972); *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977). He may then bring a § 1983 action—but he should be aware that a prisoner who has fully exhausted his available state remedies still has no cause of action under § 1983 unless and until the sentence is "reversed,

5

expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 488.

Although this Court normally gives a plaintiff an opportunity to amend his complaint before dismissing it, the Court may deny leave to amend where an amendment would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In this particular case, an amendment would not correct the problems presented under *Heck* and *Preiser*. Accordingly, no leave to amend will be granted.

## Pending Motion

DuBois's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**. When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

DuBois's motion does not demonstrate sufficient efforts to secure counsel on his own. DuBois indicates that he wrote a letter to his trial court judge. (Doc. 3, p. 1). Surely, DuBois knew that his trial judge would not represent him in this matter. He also contacted an attorney who is "looking for [a] class action." *Id*. Unfortunately, however, DuBois did not provide a letter

from this attorney, or anyone else, who declined to represent him. *Id*. In a nutshell, it appears DuBois put forth little effort to find his own attorney before seeking the Court's help.

Further, DuBois discloses no impediments to litigating *pro se*. He has "some college" education and discloses no medical, mental health, language, or educational barriers to self-representation. (Doc. 3, p. 2). His Complaint (Doc. 1) is well-organized and coherent. The fact that this action is *Heck*-barred does not suggest that an attorney should have been appointed before the case was dismissed or that leave to amend should have been granted where it would have been futile. Of course, the dismissal is without prejudice to DuBois bringing this action at a later date, but only after he successfully overcomes the bar imposed by *Heck*.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. This includes **COUNT 1**, which is **DISMISSED** without prejudice because it is *Heck*-barred. The dismissal of this claim does not preclude DuBois from bringing any state or federal claim in a newly-filed action.

**IT IS ALSO ORDERED** that Defendants **LEANN L. WHITTLER** and **NICK LAMB** are **DISMISSED** from this action without prejudice.

DuBois is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998). This dismissal is for failure to state a claim and counts as one of DuBois's three allotted "strikes" under 28 U.S.C. § 1915(g). *See Ward v. Akpore*, 702 F. App'x

467 (7th Cir. 2017) (upholding district court's decision to dismiss complaint at screening for failure to state a claim and to assess a "strike" because claim was *Heck*-barred). *See also Cannon v. Newport*, 850 F.3d 303 (7th Cir. 2017) (upholding dismissal of complaint that included *Heck*-barred claim and resulted in the assessment of a "strike").

DuBois is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If DuBois wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If DuBois does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, DuBois may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 16, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**